Civil Action No. 1:21-cv-00278

2/22/2021 1:56 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-000767
Ruben Tamez

CAUSE NO. D-1-GN-21-000767

| | | |
|---|---|---|
| CHRISTIAN SMITH,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 250TH JUDICIAL DISTRICT |
| LOWE'S HOME CENTERS, LLC,<br>Defendant. | §<br>§ | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Christian Smith, and files this Original Petition complaining of

Defendant Lowe's Home Centers, LLC and for cause of action would show the Court the following:

### I.

### DISCOVERY

1.1     Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil

Procedure.

### II.

### THE PARTIES

2.1     Plaintiff is an individual who can be contacted through counsel.

2.2     Defendant Lowe's Home Centers, LLC is an entity that can be served through its registered

agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E.

7th Street, Suite 620, Austin, TX 78701-3218.

### III. JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1     The amount in controversy exceeds the jurisdictional minimum amount in controversy for

this Court. Plaintiff seeks monetary relief over one million dollars.



EXHIBIT
D

3.2     Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which a substantial part of the events or omissions giving rise to these claims occurred.

3.3     All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1     Plaintiff began working for Lowe's as a delivery driver in 2016. On July 1, 2019 Plaintiff informed his manager that he was going to be having microscopic surgery on his ear that would keep him from driving for a week and that upon his return Plaintiff would have to be placed on restricted duty for six weeks and not lift anything that exceeds twenty five pounds.

4.2     Two days later, on July 3, 2019, after Plaintiff had clocked out and was leaving for the day, his manager called him in to talk. Plaintiff assumed that Plaintiff was going to be given praise for a job well done because a particular customer that day had said she was so happy with her experience that she was going to call the store to let management know how excellent the service had been. Instead, Plaintiff was asked to take a seat and told Plaintiff was being terminated. Plaintiff was told it was the result of an incident that had occurred in April, 2019.

4.3     On that particular day Plaintiff delivered a stackable washer/dryer unit to a customer and was instructed by the owner to install it in a closet that had an extremely narrow door which the stackable unit was barely able to fit inside. As Plaintiff and his co-worker were maneuvering the unit inside the closet the door was having to be pushed to its maximum to allow entry. As Plaintiff was holding the door open the door stop at the top of the door pushed through the hollow door. Following the incident, Plaintiff followed appropriate protocol and took pictures of the damage with his phone and

2

assured the customer that Lowe's would make sure that the door got repaired at no cost to her. The customer was not upset at all and accepted Plaintiff's response.

4.4    Once Plaintiff and his co-worker got back to the store Plaintiff spoke to the MOD (manager on duty, the delivery manger had already gone home), showed him the pictures and gave a full explanation of what had transpired. Plaintiff was told that he had done all he needed to do and that the store would take care of it from there. Plaintiff was never written up or given any kind of punishment. Plaintiff never heard anything further regarding that incident until, coincidentally, two days after Plaintiff informed Lowe's regarding his surgery and over two months after the incident occurred. Plaintiff was told at the time of termination that the customer with the door issue had called the store extremely upset at the cost to repair her door.

**V.**

**CAUSES OF ACTION**

5.1    The allegations contained in Paragraphs 4.1 through 4.4 inclusive are hereby incorporated by reference for all causes of action.

**Disability Discrimination Pursuant to Chapter 21, Texas Labor Code**

5.2    The conduct of Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes disability discrimination, in direct violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

3

Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including termination, because of his disability or being regarded as disabled or perceived disability. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Plaintiff's disability or being regarded as disabled or perceived disability was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment and otherwise discriminate against him. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

### Disability Discrimination Pursuant to the ADA

5.3    As the facts set forth above show, Plaintiff is disabled or was perceived as disabled, as defined by the Americans with Disabilities Act (ADA), as amended.  Plaintiff suffers from a condition that substantially limits one or more of his major life activities.  He is otherwise qualified to perform the essential functions of the job Defendant hired Plaintiff for. At all times relevant hereto, Plaintiff was an employee within the meaning of the ADA. Defendant violated the ADA by intentionally discriminating against Plaintiff because of his disability and/or being regarded as disabled. Defendant's discriminatory acts include terminating Plaintiff. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to discipline Plaintiff and to ultimately terminate Plaintiff's employment. Plaintiff's disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

4

5.4     In addition as the facts set forth above show, Defendant failed to provide Plaintiff with a reasonable accommodation and furthermore failed to engage in the required interactive process. As such, Defendant has violated the ADA by failing to provide Plaintiff with a reasonable accommodation and by failing to engage in the required interactive process.

## VI.

## DAMAGES

6.1     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1     Defendant has intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE the Americans with Disabilities Act and Texas Commission on Human Rights Act. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this

case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

## PUNITIVE DAMAGES

9.1    Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.   Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

## JURY DEMAND

10.1    Plaintiff has demanded a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.    Judgment against Defendant for all damages alleged in this petition;

2.    Interest before and after judgment at the highest rate provided by law, until paid;

3.    Costs of suit;

4.    Reasonable and necessary attorneys' fees and expert witness fees;

5.    Injunctive and declaratory relief; and

6.    Such other and further relief to which Plaintiff may be justly entitled.


                              Respectfully submitted,

                              THE MELTON LAW FIRM, P.L.L.C.
                              925 South Capital of Texas Highway, Suite B-225
                              Austin, Texas 78746
                              (512) 330-0017 Telephone
                              (512) 330-0067 Facsimile


                              /s/ John F. Melton
                              John F. Melton
                              email: jmelton@jfmeltonlaw.com
                              State Bar No. 24013155
                              ATTORNEYS FOR PLAINTIFF

7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 50774831
Status as of 2/23/2021 1:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paige Densman | | paige@jfmeltonlaw.com | 2/22/2021 1:56:31 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 2/22/2021 1:56:31 PM | SENT |
| michael Balcezak | | michael@jfmeltonlaw.com | 2/22/2021 1:56:31 PM | SENT |

THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
A Non-Profit Corporation

## IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

## 512-472-8303
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation,
bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

## SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

## 512-472-8303
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia,
indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303